UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICK-VINCENT GARCIA,

          Plaintiff,

v.

FCA US, LLC,

          Defendant.

_____/

Case No. 2:19-cv-12750

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO TRANSFER [11]**

The present action involves a potential class that alleged violations of the Telephone Consumer Protection Act ("TCPA"). ECF 1. On November 11, 2019, Defendant FCA US, LLC filed a motion to transfer the case to the Southern District of Florida. ECF 11. The Court reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court will grant Defendant's motion and transfer the case.

**BACKGROUND**

Plaintiff Rick-Vincent Garcia, a Florida resident, initially filed the case in the United States District Court for the Southern District of Florida ("Florida case") and alleged that Defendant violated the TCPA when it caused "a prerecorded message to be transmitted to Plaintiff's cellular telephone." *See* ECF 11-1, PgID 70; *see also Garcia v. FCA*, No. 1:18-cv-23223-FAM, ECF No. 1 (S.D. Fla. Aug. 8, 2018). On December 10, 2018, the Florida case was stayed pending the outcome of *Salcedo v.*

*Hanna*, 936 F.3d 1162 (11th Cir. 2019) because the outcome of that case "could [have been] dispositive of the [Florida] case." *Garcia v. FCA*, No. 1:18-cv-23223-FAM, ECF No. 32 (S.D. Fla. Dec. 11, 2018). The United States Court of Appeals for the Eleventh Circuit issued an opinion in *Salcedo* on August 28, 2019, and held that a single text message sent to a plaintiff's cellphone in violation of the TCPA does not "meet[] the injury-in-fact requirement of Article III." *Salcedo*, 936 F.3d at 1172. And it is clear to the Court that there are similarities between the injury of receiving a single text message and the injury of receiving a single voicemail message.

Soon after the *Salcedo* opinion was released, Plaintiff moved to voluntarily dismiss the Florida case and the Southern District of Florida granted the motion thirteen days later, on September 10, 2019. *Garcia v. FCA*, No. 1:18-cv-23223-FAM, ECF No. 35 (S.D. Fla. Sept. 10, 2019). Ten days later, on September 20, 2019, Plaintiff filed a nearly identical complaint in the Eastern District of Michigan. ECF 1; *see also* ECF 11-1 (redline comparison of Plaintiff's Florida and Michigan complaints). Defendant filed a motion to dismiss and the present motion to transfer the case to the Southern District of Florida. ECF 10, 11.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "To transfer an action under [§] 1404(a) the following criteria must be met: (1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) transfer is in the convenience

of the witnesses and parties." *Kepler v. ITT Sheraton Corp*., 860 F. Supp. 393, 398 (E.D. Mich. 1994). In ruling on a § 1404(a) motion, the Court should consider "the private interest of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systematic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Exp., Inc*., 929 F.2d 1131, 1137 (6th Cir. 1991) (citing *Stewart Org., Inc. v. Ricoh Corp*., 487 U.S. 22, 30 (1988)).

### DISCUSSION

In its motion, Defendant claimed that Plaintiff engaged in forum shopping when he dismissed a case pending in the Southern District of Florida after an unfavorable decision from the Eleventh Circuit and refiled a nearly identical case in the Eastern District of Michigan. ECF 11, PgID 54. Based on its analysis of the factors, the Court agrees and will grant Defendant's motion to transfer the case.

I.    The Action Could Have Been Brought in the Southern District of Florida

Defendant must show that the case could have been brought in the transferee court—the Southern District of Florida. *See, e.g., Fluidtech, Inc. v. Gemu Valves, Inc*., 457 F. Supp. 2d 762, 766 (E.D. Mich. 2006). Here, not only could Plaintiff have filed this case in the Southern District of Florida, he *did* file an identical case against the same Defendant in that district. *See Garcia v. FCA*, No. 1:18-cv-23223-FAM, ECF No. 1 (S.D. Fla. Aug. 8, 2018). The first factor favors transfer.

II.   Interest of Justice

Next, the Court must determine if transfer serves the interest of justice. "It is well established that, '§1404(a) should not create or multiply opportunities for forum

shopping.'" *Energy Conversion Devices Liquidation Trust v. Trina Solar Ltd.*, No. 13-14241, 2014 WL 2763648, at *2 (E.D. Mich. June 18, 2014) (quoting *Ferens v. John Deere Co.,* 494 U.S. 516, 523 (1990)). Forum shopping may "reasonably be inferred" when a plaintiff "files the same or similar case represented by the same law firm in a different district after receiving unfavorable" precedent in the first district. *LegalForce, Inc v. Legalzoom.com, Inc.*, No. 2:18-cv-06147-ODW-GJS, 2018 WL 6179319, at *3 (C.D. Cal. Nov. 27, 2018) (collecting cases). And "[i]t is not in the interest of justice to encourage, or even allow, a plaintiff to select one district exclusively or primarily to obtain or avoid specific precedents." *Lab Corp. of Am. Holdings v. NLRP*, 942 F. Supp. 2d 1, 5 (D.D.C. 2013).

Here Plaintiff moved to dismiss the Florida case days after the Eleventh Circuit handed down potentially negative precedent to his legal theory. He also swiftly filed a nearly identical complaint in this Court. He was represented by the same law firms in both cases. The timing of Plaintiff's dismissal and refiling of his complaint "leads the [C]ourt to suspect that" he refiled his complaint "in [an] attempt to forum shop." *See Energy Conversion Devices Liquidation Trust*, 2014 WL 2763648, at *3. Because Plaintiff filed his complaint in the Eastern District of Michigan to avoid Eleventh Circuit precedent,[1] transferring the case to the Southern District of

---

[1] Plaintiff argued that *Defendant's* motive to move for the case's return to the Southern District of Florida was forum shopping because FCA maintained in the original action that the Southern District of Florida did not have jurisdiction over the nationwide class action. ECF 14, PgID 97–98. Defendant, however, has conceded that if transfer to the Southern District of Florida "is granted, jurisdiction over the nationwide class is a given." ECF 15, PgID 121.

4

Florida will serve "the interest of justice by discouraging the practice of forum shopping." *Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n.*, No. 1:08-cv-808, 2008 WL 11356782, at *1 (W.D. Mich. Nov. 17, 2008). The second factor therefore weighs in favor of transferring the case to the Southern District of Florida.

III.   Convenience of Witnesses and Parties

Based on the small amount of briefing submitted on the final factor, the Southern District of Florida is at least as convenient a forum as this Court. Defendant's employees reside mainly in Michigan, but one of the law firms representing it is from Missouri. Plaintiff and his attorneys, on the other hand, reside in Florida. The parties will both have to travel to take depositions and attend hearings in the Eastern District of Michigan. But the Southern District of Florida is close to home for the plaintiff and his lawyers. And because Defendant is the party seeking transfer, the Court can infer that Defendant is unconcerned about any personal loss of convenience. The last factor therefore leans slightly in favor of transfer.

**CONCLUSION**

Based on all the factors set forth above, transfer to the Southern District of Florida is appropriate.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) [11] is **GRANTED**.

5

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **TRANSFER** the case to the United States District Court for the Southern District of Florida.

**IT IS FURTHER ORDERED** that the motions currently pending on the Docket [10, 16, 21] are **DENIED WITHOUT PREJUDICE AS MOOT**.

This is a final order that closes the case.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 26, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 26, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

6